**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAFAELA RUIZ PACHECO,

      Petitioner,

v.

                                      Case No. 2:26-cv-01310-MLG-GBW

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement, ACTING DIRECTOR OF
IMMIGRATION AND CUSTOMS ENFORCEMENT,
MARKWAYNE MULLIN, U.S. Department
of Homeland Security, TODD BLANCHE,
Acting Attorney General of the United States,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

Petitioner Rafaela Ruiz Pacheco—a citizen of Mexico—is currently detained at Otero County Processing Center in New Mexico. Doc. 1 at 1, 4. In 2004 near Ajo, Arizona, she entered the United States without inspection. *Id.* at 24. She was released "pursuant to 8 U.S.C. § 1226(a) after conducting a danger and flight risk assessment and determining that [she] posed neither a risk of flight nor a danger to the community." *Id.* at 24-25. Ruiz Pacheco has lived in the United States ever since and is the mother of six U.S. children. *Id.* at 25. Since March 2026, she has been detained at Otero County Processing Center in New Mexico. *Id.* at 1, 4. She has not received an individualized bond hearing. Doc. 6 at 1 ("It is undisputed for purposes of this motion that Petitioner has not received a bond hearing."). Her "criminal history consists primarily of minor

1

traffic-related offenses and low-level misdemeanor charges[,]" such as "petit theft"[1] and "Driving Without a Valid Driver's License . . . ." Doc. 1 at 10-11. Ruiz Pacheco seeks a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") directing federal authorities to immediately release her from custody. *Id.* at 26. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to the Petition within ten business days. Doc. 3.

In its response, Respondents assert that Ruiz Pacheco's detention accords with § 1225(b)(2)(A) and is mandatory. Doc. 6 at 2. They admit, however, that this Court's prior decisions on this issue are controlling, and that "the facts are not materially distinguishable for purposes of the Court's decision on the legal issues of which statutory provision authorizes Petitioner's detention." *Id*. Indeed, the Court has been presented with this same issue—as applied to similarly situated defendants—time and time again. And as in those cases, the Court hereby finds § 1226(a) applies. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). This accords with binding Tenth Circuit precedent. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *16 (10th Cir. June 30, 2026) ("We hold that noncitizens who entered the United States and

---

[1] Ruiz Pacheco's 2012 petit theft conviction does not remove her right to a bond hearing. *See* Doc. 1 at 25-26. To be sure, 8 U.S.C. § 1226 (c)(1)(E)(ii) reads that the "Attorney General shall take into custody any alien who . . . (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting . . . ." That provision, however, did not come effect until 2025 with the passage of the Laken Riley Act ("LRA"), a law that "is not retroactive, in that it does not apply to theft convictions that occurred prior to its passage . . . ." *Moya v. Blanche*, Case No. 2:26-cv-00675, 2026 U.S. Dist. LEXIS 116433, at *6 (D. Nev. May 27, 2026); *see also Lopez v. Warden*, Case No. 1:26-cv-03556, 2026 U.S. Dist. LEXIS 106992, at *3-4 (E.D. Cal. May 14, 2026) (holding the LRA is not retroactive and collecting cases).

2

were thereafter detained in the interior of the country are usually subject § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling, Ruiz Pacheco is entitled—as a right—to the due process provided to her under that statute: an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298; *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). Petitioner's continued detention without such review constitutes an ongoing violation of her right to due process. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Federal courts are authorized to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (internal quotation marks omitted) (citing 28 U.S.C. § 2243); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice" (internal quotation marks omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)); *Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (recognizing the district court's authority to remedy a § 1226(a) violation by providing a bond order or through immediate release). Ruiz Pacheco has been deprived of liberty since at least March 2026 due to Respondents'

3

violation of § 1226(a). The Court "acknowledges that release—whether immediate or otherwise on a bond hearing—may 'be a distinction without a difference.'" *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at \*8 (W.D. Tenn. May 8, 2026) (citation modified) (quoting *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at \*9 (W.D. Tenn. Feb. 6, 2026)). "After all, the Government may at any time detain an illegally present noncitizen under § 1226(a), subject to a bond hearing, and thus it is not necessary for this Court to order one." *Hernandez*, 2026 WL 324020, at \*9; *see also* § 1226(a). Given the ongoing violation of Ruiz Pacheco's due process rights, the remedy that justice requires in this matter is immediate release. *See Hernandez,* 2026 WL 324020, at \*9. This remedy will address the lack of due process afforded to Ruiz Pacheco and restore her to the status quo prior to the violation of her Fifth Amendment rights. *See id.* at \*8; *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at \*3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than remanding for a bond hearing).

Accordingly, the Court grants Ruiz Pacheco's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C, § 2241. Doc. 1. Respondents shall release her immediately. She shall be released with all identification documentation that she possessed on her person when detained by Respondents, along with a copy of this Order.

If Respondents re-detain Ruiz Pacheco, they must provide her with a bond hearing before a neutral IJ pursuant to § 1226(a). Respondents are enjoined from pursuing Ruiz Pacheco's detention under 8 U.S.C. § 1225(b)(2)(A).

Respondents shall file a status report within three days of this Order to certify compliance. The status report shall provide the date and location in which Ruiz Pacheco was released from custody.[2]

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[2] The Court will enter a final judgment upon receipt of the status report.